NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0107n.06
No. 15-2219

**FILED**
Feb 14, 2017
DEBORAH S. HUNT, Clerk

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FRED DAVIS, | ) | |
| | ) | |
|    Plaintiff-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE** |
| FCA US LLC, | ) | **EASTERN DISTRICT OF** |
| | ) | **MICHIGAN** |
|    Defendant-Appellee | ) | |
| | ) | |

**BEFORE:**    **MERRITT, BATCHELDER, and ROGERS, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Fred Davis, an African American, brought claims against his employer, FCA US LLC (formerly known as Chrysler Group LLC), alleging race discrimination pursuant to Title VII, 42 U.S.C. §§ 2000e and 1981, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. 37.2012 *et seq.*, as well as claims of breach of contract and promissory estoppel. Davis claims that these violations arose from Chrysler's selling a car dealership that he had hoped to own, and its treatment of him before, during, and after that sale. We AFFIRM the decision of the district court.

Prior to this litigation, Chrysler promoted Davis to the position of general manager of a Chrysler dealership in Atlanta, Georgia. At that time, Chrysler had a program that was designed to increase minority ownership of dealerships. Through that program, Chrysler provided individuals with long-term support and capitalization to help them "operate to own" a Chrysler

dealership. Davis worked for Chrysler for nearly twenty-five years before it promoted him to general manager of the Atlanta dealership. Davis wanted to be an operator of that dealership as part of Chrysler's program. However, that dealership had long been struggling financially. Soon after Davis became the general manager, Chrysler decided to sell the dealership, foreclosing the possibility that he might own it.

The district court issued a memorandum and order, granting Chrysler's motion for summary judgment on Davis's contract claims and deferring consideration of his racial discrimination claims due to some controverted facts. In a supplement to the memorandum and order, the district court granted Chrysler's motion for summary judgment on Davis's race discrimination claims because it found that Davis had failed to establish that another Chrysler employee was similarly situated to him. It also found that Davis had failed to proffer evidence to establish that Chrysler's stated reasons for its decisions were false or a pretext for race discrimination. Davis appeals only the district court's dismissal of his race discrimination claim.

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in its conclusions. The district court's opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision. Thus, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.